Dear Senator Tarver:
This office is in receipt of your letter of February 7, 1995, requesting an opinion relative to La. R.S. 4:559.1. The statute reads as follows:
 § 559.1 Check cashing; purchase of tokens, chips, and electronic cards; prohibitions
 A. No person holding a gaming license and no servant, agent, or employee of the licensee shall cash or accept in exchange for the purchase of tokens, chips, or electronic cards, an identifiable employee payroll check.
 B. Any licensee, employee, servant, or agent who violates or permits the violation of the provisions of this Section may be imprisoned for not more than six months or fined not more than five hundred dollars, or both.
In particular, you ask the following questions:
 a) Does the statute allow an operator to cash checks in redemption in the form of cash; and
 b) Does the statute allow an operator to cash employee payroll checks from employers unrelated to the operator?
With regard to the first question, the statute prohibits only the cashing of employee payroll checks. Because there is no definition of "employee payroll checks" provided by the statute, we must look to the generally prevailing meaning. La. Civil Code Art. 11. An employee is defined as,
 A person in the service of another under any contract of hire, express or implied, oral or written, where the employer has the power or right to control and direct the employee in the material details of how the work is to be performed. Blacks Law Dictionary, 6th edition 1990.
Payroll is defined as, "list of employees receiving wages with the amounts due to each." Webster's II Dictionary, 1994. Using the generally prevailing meaning of these terms it is our opinion that the term "employee payroll checks" refers to checks received by employees for salaries or wages earned. If a check presented to the licensee is not an employee payroll check then the statute does not prohibit a licensee from cashing the check. The State Police Riverboat Gaming Enforcement Division in the promulgation of it's rules, provided procedures for gathering information when personal or third party checks are cashed. Section 2736(B)(1)(g) and Section 2736(C).
In regards to your second request, it is our opinion that the prohibition against cashing payroll checks applies toall identifiable employee payroll checks. There is nothing in the statute which would limit the prohibition to the licensees' employees. This is supported by the use of the term "identifiable" which is obviously directed to payroll checks of other employers.
The prohibition against cashing "identifiable employee payroll checks", has also been imposed on the land based casino, R.S. 4:666, and on owners of video poker machines, R.S. 33:4862.22. The preamble to Act No. 12 of the Third Extraordinary Session of 1994, which enacted R.S. 33:4862.22, states that the bill will ". . . prohibit certain licensees from cashing or accepting employee payroll checks of customers . . . .". Because the statutes contain no language to the contrary, it is reasonable to conclude that the statutes have the same meaning with respect to the term "identifiable employee payroll checks". It is our opinion that R.S. 4:559.1 was intended to prohibit a person from taking his or her paycheck directly to a gaming facility and then cashing it on the premises.
In conclusion, it is the opinion of this office (1) that R.S. 4:559.1 does not prohibit the cashing of any checks except "identifiable employee payroll checks" as that term is commonly understood, and (2) that the term "identifiable employee payroll check" means the payroll check issued by any employer, not just the licensee.
I hope this opinion satisfactorily addresses your questions. If this office can be of further assistance please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: STEPHEN J. LEDET Assistant Attorney General